UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHUNG OLIVER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-07908-FLA (RAOx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 16] AND GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 9]** |

## RULING

Before the court are two motions: (1) Plaintiff Elaine Chung Oliver's ("Oliver" or "Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 (Dkt. 16, "MTR"); and (2) Defendant U.S. Bank National Association's ("U.S. Bank" or "Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 9, "MTD"). Both Motions are opposed. Dkts. 19, 28. The parties each filed Requests for Judicial Notice with their briefing. Dkts. 10, 24, 25. Plaintiff opposes Defendant's Request for Judicial Notice. Dkt. 29. On November 11, 2021, the court found these matters appropriate for resolution without oral argument and vacated the November 19, 2021, hearing date. Dkt. 36; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES Plaintiff's Motion to Remand and GRANTS Defendant's Motion to Dismiss with 30 days' leave to amend. The court additionally GRANTS in part Defendant's Request for Judicial Notice and DENIES Plaintiff's Requests for Judicial Notice as moot.

## BACKGROUND

### I.  Plaintiff's Mortgage and Default

On or about December 20, 2005, Plaintiff obtained a $416,000 mortgage loan from Downey Savings and Loan Association, F.A., which was secured by a Deed of Trust recorded against real property located at 1133 North Del Sol Lane, Diamond Bar, California 91765 ("Subject Property"). Dkt. 10 (Def. Request for Judicial Notice, "DRJN"), Ex. 1. On or about September 9, 2011, an Assignment of Deed of Trust was recorded memorializing the transfer of Downey's interest in the Deed of Trust to U.S. Bank. *Id.*, Ex. 2.

Plaintiff defaulted on mortgage obligations and a Notice of Default was recorded on March 9, 2012. *Id.*, Ex. 3. A Notice of Trustee's Sale was recorded on October 20, 2015. *Id.*, Ex. 4. The Subject Property was sold at a public auction on February 23, 2016, and a Trustee's Deed Upon Sale was recorded on March 7, 2016. *Id.*, Ex. 5.

On November 20, 2019, a Grant Deed was recorded conveying title to the Subject Property to the Delsol Trust #1133, Newbridge Investment Group, LLC, as Trustee ("Delsol"). *Id.*, Ex. 6. On February 14, 2020, a Grant Deed was recorded conveying title to the Subject Property from Delsol to Kathy Yang. *Id.*, Ex. 7.

### II.  Foreclosure Proceedings and Appeal

Appearing pro se, Plaintiff filed her first lawsuit against Defendant U.S. Bank in the Los Angeles County Superior Court on November 16, 2016, asserting numerous causes of action including wrongful foreclosure and quiet title (the "wrongful foreclosure action"). *Id.*, Ex. 8. On May 31, 2017, the state court sustained U.S. Bank's demurrer to Plaintiff's operative First Amended Complaint without leave to

amend. *Id.*, Ex. 9.  Judgment was entered in U.S. Bank's favor on June 15, 2017. *Id.*, Ex. 10.

Plaintiff filed a motion to vacate the judgment on July 26, 2017.  DRJN, Ex. 11. It was denied on August 29, 2017. *Id.*, Ex. 12.  Plaintiff filed a second motion to vacate the judgment on August 29, 2017. *Id.*, Ex. 13.  Plaintiff's second motion was denied on October 17, 2017. *Id.*, Ex. 14.

Plaintiff appealed the judgment on November 21, 2017. *Id.*, Ex. 15.  The appeal was dismissed by the California Court of Appeal as untimely. *Id.*, Ex. 16. Plaintiff filed a third motion to vacate the judgment on April 17, 2018. *Id.*, Ex. 17. Plaintiff's third motion was denied on May 17, 2018. *Id.*, Ex. 18.

On January 13, 2017, U.S. Bank filed a verified complaint alleging Unlawful Detainer ("UD") in the Los Angeles County Superior Court against Plaintiff and her husband, Kenneth Oliver. *Id.*, Ex. 19.  Judgment was entered in U.S. Bank's favor on August 22, 2018. *Id.*, Ex. 20.  Plaintiff was evicted pursuant to a Writ of Possession in December 2018.  Dkt. 1-1 ("Compl."), ¶ 2.

Plaintiff appealed the UD judgment, and on December 12, 2019, the Appellate Division of the Los Angeles County Superior Court reversed, holding that the trial court's findings that U.S. Bank acquired title to the Subject Property were not supported by substantial evidence.  Compl., Ex. A at 4-5.  The appellate division court agreed with Plaintiff's contention that the "presentation of the trustee's deed upon sale, on its own, did not constitute sufficient proof that U.S. Bank acquired the property at a regularly conducted foreclosure sale." *Id.* at 1.  As the appellate division court explained,

> The record in the case …at bar contain[ed] minimal evidence that U.S. Bank acquired title to the subject property pursuant to a valid foreclosure sale. … [T]he deed of trust was not introduced as an exhibit below and is not included in the appellate record.  Without the deed of trust, a properly authenticated declaration, or relevant testimony from a person with knowledge of the chain of title, we

>have no ability to determine whether The Wolf Firm possessed the power to sell the property as the original or successor trustee.

*Id.* at 5-6. The appellate division court declined to address Plaintiff's remaining arguments. *Id.* at 7 n. 6.

The UD action was dismissed on April 7, 2020, without prejudice. DRJN, Ex. 21. Following Remittitur, Plaintiff filed a Motion for Restitution of Property, requesting "full restitution of her property in the amount of $47,300 plus the loss of her Property…. Plaintiff requests that the court schedule an evidentiary hearing to determine a full amount [U.S. Bank] owes to [Plaintiff]." *Id.*, Ex. 22 at 10. On August 11, 2020, the state court denied Plaintiff's Motion for Restitution of Property. *Id.*, Ex. 23.

### III. The Current Action

Plaintiff filed the Complaint in this action on August 26, 2021, in the Los Angeles County Superior Court. Compl. The Complaint alleges two causes of action based on a wrongful eviction claim of forcible entry and forcible detainer. *Id.* On October 4, 2021, Defendant removed the action to this court. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and complete diversity exists between the parties. *Id*. at 2-3. Specifically, Defendant asserts Plaintiff is a resident and citizen of California, while Defendant is a citizen of Ohio, where its main office is located. *Id.* ¶¶ 6-7. Based on Plaintiff's Complaint, Defendant further asserts the amount in controversy exceeds the statutory minimum, as Plaintiff seeks at least $750,000 for mental distress, discomfort, and annoyance. *Id.* ¶ 9.

In the Complaint, Plaintiff alleges Defendant unlawfully foreclosed on the Subject Property, because Defendant "was not the 'foreclosing beneficiary' of the Subject Property on February 23, 2016 as alleged on the Trustee's Deed Upon Sale … and was not entitled to possession because title was not 'duly perfected….'" Compl. ¶

4

2. Plaintiff contends that "[a]fter being denied Appellate Review of the denial of the motion for restitution[,] Plaintiff is now forced to file this separate action against Defendants." *Id.* ¶ 4. Plaintiff seeks, inter alia, possession of the Subject Property or a monetary award, $750,000, "for Plaintiff's mental distress, discomfort, and annoyance," statutory damages, reasonable attorney's fees, and costs. *Id.* at Prayer.

## **DISCUSSION**

I.   **Requests for Judicial Notice**

    A.   **Legal Standard**

Judicial notice allows courts to consider a fact that is not subject to reasonable dispute because it is generally known within the territory or can be determined from sources of unquestionable accuracy. Fed. R. Evid. 201. A court may take judicial notice of court filings and other matters of public record. *Fowler Packing Co., Inc. v. Lanier*, 844 F.3d 809, 813 n. 2 (9th Cir. 2016) (taking judicial notice of the fact a related case was filed and of the claim alleged); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."). However, a court cannot take judicial notice of reasonably disputed facts contained in such public records. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

    B.   **Analysis**

The parties filed Requests for Judicial Notice in support of their Motions. Dkts. 10, 24, 25. Defendant requests the court take judicial notice of 23 exhibits: Exhibits 1 through 7 are documents recorded in the Los Angeles County Recorder's Office; and

Exhibits 8 through 23[1] are state court documents from prior proceedings between the same parties relating to the same Subject Property. Dkt. 10. Plaintiff opposes Defendant's Request for Judicial Notice, arguing that these documents are not relevant to the current proceeding and that the court may not judicially notice disputed facts within these documents to find Defendant was entitled to enforce the power of sale contained in the Deed of Trust. Dkt. 29 at 6.

All of these documents are either title instruments recorded in a County Recorder's Office or court filings, the existence of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). As stated, courts have regularly found that such public records and court filings can be judicially noticed. Further, the prior state court proceedings have a direct relation to matters at issue. *See Black*, 482 F.3d at 1041.

The court, therefore, GRANTS Defendant's request and takes judicial notice of the existence and legal effect of these documents, and the fact that they are public records or were filed in prior state court proceedings. The court does not take judicial notice of reasonably disputed facts stated therein.

Plaintiff requests the court take judicial notice of the December 12, 2019, Opinion from the Appellate Division of the Los Angeles County Superior Court. Dkts. 24, 25. This document was included within the scope of Defendant's Request for Judicial Notice and attached as Exhibit A to Plaintiff's Complaint. Dkt. 10, Ex. 22; Compl. ¶ 21, Ex. A. Having taken judicial notice of the existence of this document, the court DENIES Plaintiff's Requests for Judicial Notice as moot.

/ / /

/ / /

/ / /

---

[1] Exhibit 22 appears to include pages regarding an unrelated state court case. *See* DRJN, Ex. 22 at 23-24. The court DENIES Defendant's request as to these pages.

## II. Motion to Remand

### A. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotations omitted). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States."

In assessing whether removal from state court was proper, the court looks to the pleadings at the time of removal rather than any amendment to the pleadings post-removal. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal"). When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pleaded controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). Accordingly, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

### B. Analysis

In the Motion to Remand, Plaintiff argues Defendant's removal was improper because no federal question was raised or implicated in the Complaint. MTR at 3-6. Plaintiff alleges that "pursuant to 28 U.S.C. § 1441(c), a removal cannot rely on diversity and removal is not authorized." *Id.* at 3. However, 28 U.S.C. § 1441(c)

governs the joinder of federal law claims <u>and</u> claims that are "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." It does not apply here, as Plaintiff's Complaint raises only state law claims. *See Johnson v. Caliber Home Loans, Inc.*, No. 5:19-cv-01387-PA (GJSx), 2019 WL 4393355, at *5 (C.D. Cal. Sept. 6, 2019).

Defendant removed this case pursuant to 28 U.S.C. § 1441(b), which concerns removal based on diversity of citizenship. If 28 U.S.C. § 1441(b) is satisfied, federal question is not necessary. *See Caterpillar*, 482 U.S. at 392 ("<u>Absent diversity of citizenship</u>, federal-question jurisdiction is required.") (emphasis added). Under § 1441(b), Defendant need only show the dispute is between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Plaintiff does not dispute she and Defendant are citizens of different states. Dkt. 26 at 2. This is sufficient to establish diversity of citizenship pursuant to 28 U.S.C. § 1332. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) ("when a defendant's allegations of citizenship are unchallenged, nothing more is required").

On Reply, Plaintiff raises a new argument that Defendant has not met its burden of proving by a preponderance of evidence the amount in controversy exceeds the jurisdictional amount of $75,000. Dkt. 26. Plaintiff asserts "the amount in controversy does not appear on the face of the underlying complaint." *Id.* at 3-4. The court disagrees, as Plaintiff clearly seeks more than $75,000 in damages in the Complaint. Compl., ¶ 16 ("As a proximate result of Defendants' acts, Plaintiff has suffered mental distress, discomfort, and annoyance to her damage in the amount of $750,000.00."), Prayer ¶ 1 (requesting "possession of the premises or in the alternative a monetary award"), ¶ 2(c) (requesting damages of "$750,000.00 for Plaintiff's mental distress, discomfort, and annoyance").

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the court DENIES Plaintiff's Motion to Remand.

### III. Motion to Dismiss

#### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc.*, 824 F.3d at 1159. Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A court must normally convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

When granting a motion to dismiss, leave to amend should be provided unless it is clear the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend "is properly denied ... if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### B. Claim Preclusion and Issue Preclusion

A Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) can be based on res judicata. *See Goldberg v. Cameron*, 694 Fed. App'x. 564, 566 (9th Cir. 2017). "A federal court sitting in diversity must apply the res judicata law of the state in which it sits." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Because this action was removed from California state court, California state law regarding res judicata applies. *MHC Fin. L.P. v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013).

Under California law, res judicata is an "umbrella term encompassing both claim preclusion and issue preclusion," which the California Supreme Court has described as "two separate 'aspects' of an overarching doctrine." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015).

Claim preclusion is the primary aspect of res judicata and bars claims that were, or should have been, advanced in a previous suit involving the same parties. *Id.* Specifically, claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them" and "arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *Id.* at 824.

Issue preclusion, also known as collateral estoppel, is the secondary aspect of

res judicata and bars issues that were argued and decided in a previous suit. *Id.* Issue preclusion "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action" and "applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id.* at 825.

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the 'primary rights' theory.'" *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). "In California the phrase 'causes of action' is often used indiscriminately ... to mean counts which state [according to different legal theories] the same cause of action." *Id.* at 798 (quotations omitted). "But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." *Id.* (quotations and citation omitted). "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.*

In the Complaint, Plaintiff alleges Defendant took possession of and sold the Subject Property without Plaintiff's consent or legal authorization to conduct the sale. Plaintiff's claims, here, are based on and seek redress for the same injuries to the same primary rights as the prior wrongful foreclosure litigation: her claimed right to possess the Subject Property and have a court determine the validity of Defendant U.S. Bank's right, title, or interest in the Subject Property. Plaintiff's request for restitution in the form of possession or monetary damages for the value of the Subject Property, Compl.

11

at Prayer ¶ 1, is the same relief she sought in the wrongful foreclosure action and was denied. DRJN, Ex. 8 at Prayer ¶¶ 1-3, Ex. 9 at 2 (sustaining Defendant's demurrer); Ex. 16 (dismissing appeal). While Plaintiff identified her claims as "causes of action" for forcible entry and forcible detainer in the Complaint, Plaintiff's allegations focus solely on the alleged wrongful foreclosure previously litigated. *See* Compl. Therefore, Plaintiff's "causes of action" asserted, regarding her claimed right to title and possession of the Subject Property, were either raised, or should have been raised in the previous state court actions between the same parties. *See DKN Holdings*, 61 Cal. 4th at 818. In fact, Plaintiff admits she filed this Complaint because her relief sought was previously denied: "After being denied Appellate Review of the denial of the motion for restitution[,] Plaintiff is now forced to file this separate action against Defendants." Compl. ¶ 4. Plaintiff's claims, as currently pleaded, appear to be an attempt to relitigate the same issues previously decided and denied on the merits by the Los Angeles County Superior Court.

Courts have found that a litigant's claims are barred by res judicata where they challenge an alleged wrongful foreclosure in multiple lawsuits. *See Johnson*, 2019 WL 4393355, at *6 (collecting cases). Similarly, the court finds Plaintiff's pleaded claims and request for restitution in the form of possession of or monetary compensation for the Subject Property are barred by res judicata. *See DKN Holdings*, 61 Cal. 4th at 818.

Plaintiff contends she is entitled to restitution because the Appellate Division of the Los Angeles County Superior Court reversed the judgment in favor of Defendant on appeal. Dkt. 28 at 3. The appellate division court, however, reversed only the judgment of eviction, after finding Defendant did not present sufficient evidence during trial of the UD action to support Plaintiff's eviction from the Subject Property. Dkt. 10, Ex. 22 at 6-7. The appellate division court declined to consider whether Defendant held title to the Subject Property, finding that issue unnecessary in light of its determination that the judgment of <u>eviction</u> was not supported by substantial

evidence. *See id.* at 7 n. 6. Plaintiff's argument that she is entitled to title of the Subject Property as the prevailing party in the appeal, thus, fails. As stated, Plaintiff's claims for restitution in the form of title to and possession of the Subject Property are barred by res judicata.

To the extent Plaintiff intends to seek redress for injuries of forcible entry or forcible detainer based on the appellate division court's determination that the eviction was improper, Plaintiff must allege sufficient facts to state a cognizable legal theory for each claim. *See Caltex Plastics, Inc.*, 824 F.3d at 1159.

Pursuant to California Code of Civil Procedure § 1159(a) ("Section 1159(a)"),

> Every person is guilty of a forcible entry who either:
> (1) By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror enters upon or into any real property; [or]
> (2) Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession."

"For purposes of this section, 'party in possession' means any person who hires real property and includes a boarder or lodger, except those persons whose occupancy is described in subdivision (b) of Section 1940 of the [California] Civil Code." *Id.* § 1159(b).

Pursuant to California Code of Civil Procedure § 1160(a) ("Section 1160(a)"),

> Every person is guilty of a forcible detainer who either:
> (1) By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; [or]
> (2) Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant.

"The occupant of real property, within the meaning of this section is one who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands." *Id.* § 1160(b).

13

Plaintiff has not alleged sufficient facts to plead a claim of forcible entry or forcible detainer under Sections 1159(a) and 1160(a).  The court, therefore, GRANTS Plaintiff leave to amend to allow Plaintiff the opportunity to plead claims related to her eviction only.  Plaintiff is DENIED leave to amend with respect to her claims for title to and possession of the Subject Property.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion to Remand (Dkt. 16), and GRANTS Defendant's Motion to Dismiss (Dkt. 9) with 30 days' leave to amend.  Failure to amend timely may result in dismissal of the action.  The court additionally GRANTS in part Defendant's Request for Judicial Notice (Dkt. 10), and DENIES AS MOOT Plaintiff's Request for Judicial Notice (Dkts. 24, 25).

IT IS SO ORDERED.

Dated: February 15, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

14